UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MYRTA NIEVES VEGA,

    Plaintiff,

    v.

HERMENEGILDO ORTIZ-QUIÑONES,
et al.,
    Defendants.

Civil No. 03-1726 (JAF)

**O R D E R**

On February 17, 2005, we granted Defendants' motion for summary judgment and entered judgment dismissing Plaintiff's case. Docket Document Nos. 51, 53. On May 2, 2005, Defendants moved for attorney's fees, Docket Document No. 74, which Plaintiff opposed on May 16, 2005. Docket Document No. 77.

Pursuant to 42 U.S.C. § 1988, a court may award the prevailing party reasonable attorney's fees for suits brought under 42 U.S.C. § 1983. 42 U.S.C. § 1988 (2003 & Supp. 2004). "In civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception." Bercovitch v. Baldwin School, Inc., 191 F.3d 8, 10 (1st Cir. 1999); Tejada-Batista v. Fuentes-Agostini, 267 F.Supp.2d 156, 158 (D.P.R. 2003). "Thus, though a prevailing plaintiff is presumptively entitled to fee-shifting in such a case, a prevailing defendant is entitled to similar largesse only if she can establish that the plaintiffs' suit was totally unfounded, frivolous, or

Civil No. 03-1726 (JAF)                                                      -2-

otherwise unreasonable." Bercovitch, 191 F.3d at 10 (1st Cir. 1999) (citing Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir.1994)). Under this heightened standard, prevailing defendants have a more difficult showing to make than do prevailing plaintiffs. Garcia Rodriguez v. P.R. Tel. Co., No. Civ. 02-1969JAF, 2005 WL 991253, at *2 (D.P.R. April 14, 2005); Tejada-Batista, 267 F.Supp.2d at 159. In determining whether to award a prevailing defendant attorney's fees, a court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978).

The bare facts of this case present no indication that Plaintiff's suit was groundless. Although we denied Plaintiff's cause of action in that it was filed after the statute of limitations had run, Plaintiff presented a colorful belief that the letter she wrote to Defendant Rodríguez on August 21, 2002 tolled the applicable one-year statute of limitations. Even though Plaintiff's claim was ultimately unsuccessful, it did not fall to the level of frivolousness which would require us to bestow upon her the burden of attorney's fees.

Furthermore, even if a plaintiff's suit is groundless when filed, "the district court still retains discretion to deny or reduce fee requests after considering the nuances of a particular case."

Civil No. 03-1726 (JAF)                                                        -3-

Tang v. State of R.I., Dep't of Elderly Affairs, 163 F.3d 7, 15 (1st Cir. 1998); Adkins v. Briggs & Stratton Corp., 159 F.3d 306, 307 (7th Cir. 1998) (holding that a court is not required to award attorney's fees to a defendant, and even though attorney's fees may be appropriated, they are not mandatory); see Bercovitch, 191 F.3d at 12. A district court may "deny or reduce [the] amount [of attorney's fees] after considering the plaintiff's financial condition." Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1193 (1st Cir. 1996); Charves v. W. Union Tel. Co., 711 F.2d 462, 465 (1st Cir. 1983) (noting that an award of attorney's fees to a prevailing defendant should consider the plaintiff's financial capacity).

In light of the standards set forth above, we decline to award Defendants attorney's fees. Although this court granted Defendants' motion for summary judgment, Docket Document No. 51, there is no indication that Plaintiff's claim was frivolous or entirely groundless.

We, therefore, **DENY** Defendants' motion for attorney's fees. Docket Document No. 74.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 2nd day of June, 2005.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U. S. District Judge